No. 99-530

IN THE SUPREME COURT OF THE STATE OF MONTANA

2001 MT 5N

STATE OF MONTANA,

Plaintiff and Respondent,

v.

STEPHEN RICHARD PALMER,

Defendant and Appellant.

APPEAL FROM: District Court of the Eighteenth Judicial District,

In and for the County of Gallatin,

Honorable Thomas A. Olson, Judge Presiding

COUNSEL OF RECORD:

For Appellant:

Todd D. Glazier, Boise, Idaho

For Respondent:

Honorable Joseph P. Mazurek, Attorney General; Tammy K. Plubell,

Assistant Attorney General, Helena, Montana

Susan Wordal, City Prosecutor, Bozeman, Montana

Submitted on Briefs: January 4, 2001
Decided: January 18, 2001

Filed:

_____

Clerk


Justice W. William Leaphart delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c) Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issues by this Court.

¶2 Stephen R. Palmer (Palmer) appeals from the order of the Eighteenth Judicial District Court, conditioning his six-month suspended sentence for DUI on the payment of $818.00 in fines and costs. We affirm.

## BACKGROUND

¶3 Palmer was charged with driving under the influence of alcohol in violation of § 61-8-401, MCA, a misdemeanor. Following a jury trial and a guilty verdict, the District Court sentenced Palmer to six months in jail. All but four days were suspended on the condition that he pay a fine of $480.00 and costs of $338.00. The District Court allowed Palmer to make payment in five installments of $163.00. Palmer now argues that, in ordering these payments as a condition of his suspended sentence, the District Court failed to consider his ability to pay as required by § 46-18-232, MCA. We affirm the sentence of the District Court.

## ISSUE

¶4 The single issue presented on appeal is whether the District Court exceeded its statutory authority when it conditioned Palmer's suspended sentence upon five monthly payments of $163.00.

## DISCUSSION

¶5 This Court reviews a criminal sentence for legality only. State v. Montoya, 1999 MT

180, ¶ 15, 295 Mont. 288, ¶ 15, 983 P.2d 937, ¶ 15. Thus, our review is confined to whether the sentence is within the parameters provided by statute. *Montoya*, ¶ 15.

¶6 When suspending all or part of a sentence, a judge may impose reasonable conditions, including payment of costs and fines. Section 46-18-201(4)(e),(f), MCA. However, a sentencing judge may not impose fines or costs unless the offender is or will be able to pay them. Sections 46-18-231(3); 46-18-232 (2), MCA. In determining the amount and method of payment, the court must take into account the financial resources of the offender, and the nature of the burden that payment of the fine or costs will impose. Sections 46-18-231(3); 46-18-232(2), MCA.

¶7 Palmer alleges that the District Court failed to consider the "financial resources of the defendant" when it ordered that $818.00 in fines and costs be paid in five installments of $163.00. He contends that the payment plan was not based on his financial resources or ability to pay, but on the District Court's desire to fit the $818.00 payment into the period of the six-month suspended sentence.

¶8 While there is evidence in the record that the District Court calculated the amount of the monthly payment based on the length of the suspended sentence, we are not convinced that it failed to take into account Palmer's financial resources and ability to pay when it did so. During the sentencing hearing, the District Court inquired as to Palmer's employment status and monthly income. Palmer informed the District Court that he was employed and taking home $770.00 per month and could only afford to pay $50.00 per month. Considering that information, the District Court determined that a single payment was inappropriate and allowed Palmer to make payments over time. The District Court was aware that payments of $163.00 per month might present some hardship and noted that Palmer might have to find a temporary part-time job to supplement his income. Further, the District Court's order adopting the time payments agreement allowed Palmer the opportunity to explain any missed payments prior to revocation of his suspended sentence. All of these factors suggest that the District Court adequately considered Palmer's financial resources and ability to pay when it suspended his jail sentence on the condition that he pay $818.00 over a five-month period.

¶9 The sentence imposed by the District Court is within the parameters allowed by statute, and it is affirmed.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ KARLA M. GRAY

/S/ JAMES C. NELSON

/S/ JIM REGNIER

/S/ TERRY N. TRIEWEILER